Request of Governor and Council,
No. 5770.

## Opinion of the Justices.

Submitted April 10, 1968.
Answer returned April 30, 1968.

The Governor and Council assembled in executive session March 27, 1968 adopted the resolution appended hereto. The resolution was filed in this court March 28, 1968.

The following answer was returned.

*To his Excellency the Governor and the Honorable Council:*

In your resolution filed March 28, 1968, appended hereto, you ask three questions. The second and third are asked in the event our answer to number one is in the affirmative. Since our answer to question one is in the negative we do not reach the other questions. Question one is as follows: "1. Does the Governor, by and with the consent of the Council, have authority to issue a warrant upon the State Treasurer for the payment out of the Emergency Fund, as said fund authorizes and exists by virtue of RSA 4:18, for payment of funds to the school district of Greenville, which payment would be in the nature of 'emergency foundation aid' "? RSA 4:18 provides as follows: "EMERGENCY FUND. There shall be an emergency fund consisting of such sums as may be appropriated for that purpose by the general court, which may be expended by the governor, with the consent of the council, to aid any state department in any emergency which may arise in carrying on the essential functions of state government and in protecting the interests of the state which have been impaired by said emergency."

According to information contained in the resolution the question arises because the closing of a parochial school will cause the number of pupils attending the schools of the Greenville school district to increase some 90% for the school year 1968-69 with a consequent impact upon local taxes.

RSA 198:10-a, which determines the amount of foundation aid to which a district is entitled, provides that computation be made upon the basis of "the most recently available equalized valuation of each school district and the average daily membership in approved public schools in such district for the *preceding* year" ( emphasis supplied ).

Under the formula thus prescribed some 148 additional pupils who are expected to attend approved public schools in the district for the school year 1968-69 cannot be counted in determining foundation aid for that year. If they could be so counted Greenville school district would be entitled to $42,551.63 in foundation

aid but will be entitled to no such aid if computation is made on the basis of membership in the "preceding" year.

The Legislature did provide in section 10-a for changes and modifications in the equalized valuation of a district "when it shall appear or be made to appear to the tax commission that circumstances have so changed in any school district from one year to another that the use of the most recently available equalized valuation is unfair, unjust or inequitable . . . . " It did not however make any provision for modification of the computation due to substantial changes in membership. The State Board of Education is therefore not authorized to depart from the method of computation provided by section 10-a so as to provide the Greenville school district with foundation aid for the year 1968-69.

Not being so authorized the State Board of Education as a "state department," is not faced with an emergency which has arisen in carrying on essential functions of State government.

As stated by the statute (RSA 4:18, *supra*), the emergency fund is limited in its use to aid to "any state department." The closing of the parochial school in Greenville may be thought to give rise to an emergency in the carrying on of the essential functions of the Greenville district in providing the required educational facilities for the district. RSA 197:1. The primary responsibility for furnishing schools and instruction therein is that of the town and the district, and not the State department. RSA ch. 198. Thus the prospective need for funds voiced by the Greenville district is a need for aid to the district, rather than for "aid [to] any state department," within the meaning of the emergency fund statute.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.
ROBERT F. GRIFFITH.

April 30, 1968.

Memorandum of information was furnished by *William F. Cann,* Deputy Attorney General.

## Appendix

Whereas, the State Board of Education has been petitioned by the Greenville School Board on behalf of the Greenville School District for "emergency foundation aid" necessitated by the permanent closing in June, 1968 of the Sacred Heart School, a parochial school, in Greenville; and

Whereas, the Greenville School Board has represented to the State Board of Education that "[i]n the school year 1966-67 our average daily membership was 163.2", and that "[t]he closing of Sacred Heart School will add to our average daily membership making a total of 311.5 an increase of 90%;" and

Whereas, the State Board of Education has computed the entitlements of all school districts for foundation aid for 1968-69, and "in accordance with the provisions of RSA 198:10-a, pupil membership data from last year, the school year 1966-67, have been used in these computations;" and

Whereas, the number of children living in Greenville who attended Sacred Heart School last year was sufficient to prevent the Greenville School District from being eligible for foundation aid, in view of the provisions of RSA 198:10-a, which state in part: "Before June thirtieth in each year the state board of education shall cause to be computed the amount of foundation aid to be paid to eligible school districts in the succeeding fiscal year. The computation shall be based upon the most recently available equalized valuation of each school district and the average daily membership in approved public schools in each school district for the preceding year; . . . " and

Whereas, the State Board of Education at its regular meeting on February 14, 1968, after a hearing on the above request by the Greenville School Board, passed the following vote: "Voted: That the Governor and Council be petitioned for appropriate relief for the town of Greenville for emergency foundation aid, the sum to be based on the number of students included from the parochial school and the public school, and at the same level which the state implemented the formula. This was a unanimous vote of the Board;" and

Whereas, the State Board of Education, in its petition to Governor and Council, represents that: "The closing of Sacred Heart School will have an extremely serious impact on Green-

ville. That community is now a part of the Mascenic Regional School District. The added number of pupils, coupled with other factors, will cause an increase in local taxes for schools of approximately 135%. If we had the statutory authority to properly reflect the closing of this school in the pupil membership data of the preceding year, the number of pupils considered in the computation of foundation aid would be increased by approximately ninety percent. Greenville would then be eligible for foundation aid for 1968-69 in the amount of $42,551.63, when its entitlement is computed according to the same formula used for all other school districts;" and

WHEREAS, the State Board of Education requests in its petition " . . . That Greenville be given assurance at this time, that it will receive during 1968-69 state funds in the amount of $42,551.63, from the Governor's Emergency Fund, the Contingency Fund, or any other source considered to be appropriate. If such assurance can be granted at this time, relating to funds to be made available next fall, the processes of voting a budget and determining a net property tax assessment for school purposes can proceed in an orderly fashion in Greenville;" and

WHEREAS, the Governor and Council have been asked to consider use of the Emergency Fund under RSA 4:18 to aid the State Board of Education in coming to the assistance of Greenville; and

WHEREAS, we are in doubt as to whether the Emergency Fund may be lawfully used for the purpose requested; and

WHEREAS, in view of all the circumstances we are in doubt as to whether the provisions of RSA 198:10-a and RSA 4:18 allow payment of Emergency Funds to Greenville; and

WHEREAS, the resolution of such doubts is of great importance to us in the performance of our executive duties.

Now, Therefore, Be it

RESOLVED, by the Governor and Council assembled in Executive Session, that the Justices of the Supreme Court be respectfully requested under the provisions of Part II, Article 74 of the New Hampshire Constitution to give their opinion upon the following important questions of law:

1. Does the Governor, by and with the consent of the Council, have authority to issue a warrant upon the State Treasurer for the payment out of the Emergency Fund, as said fund authorizes

and exists by virtue of RSA 4:18, for payment of funds to the school district of Greenville, which payment would be in the nature of "emergency foundation aid"?

2. If the answer to question No. 1 is in the affirmative, do the provisions of RSA 9:18 ( supp ) require the payment of such aid from fiscal 1969 Emergency Fund appropriations, or may payment be made from 1968 Emergency Fund appropriations?

3. If the answer to question No. 1 is in the affirmative can such payment be less than an amount arrived at under the foundation aid formula, using as one of the factors the increase in public school attendance caused by the parochial school closing?